■    FREDERICK SHAPIRO, an Infant by his Parent and Natural Guardian, SHIRLEY SHAPIRO, et al., Appellants, v. STANLEY SILVERSTEIN et al., Respondents.— In a negligence action to recover damages for personal injuries sustained by the infant plaintiff and for medical expenses and loss of services sustained by the child's mother, the coplaintiff, the appeal is from a judgment of the Supreme Court, Nassau County, entered June 4, 1970 in favor of defendants, upon a jury verdict. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The appeal did not present questions of fact. The infant plaintiff sustained his injuries on premises owned by defendants, Mr. and Mrs. Silverstein. At the time of the accident the infant's father, a lawyer, represented Mr. Silverstein in pending litigation involving the latter's business. The father testified that Mr. Silverstein, who was also a social friend, telephoned him on a Sunday and asked him to come to his home that afternoon to discuss the litigation. The infant's father demurred, saying he had promised to take his wife and child to the beach. Mr. Silverstein then said to bring them too and they could socialize with his wife and children and use defendants' private swimming pool while they (the two men) discussed their business. The infant's father agreed, picked up certain legal papers from his office and drove his wife and child to defendants' home. The infant's mother corroborated this testimony and defendants did not contradict it. Mr. Silverstein testified that he invited the infant's father to bring his wife and child to his home that afternoon and that it was possible he told him the infant plaintiff could go swimming in his pool with his children while the two men talked business. He had other guests that day and he imagined the invitation was for social purposes. His recollection was that the visit was for social and business purposes. The infant plaintiff while going from defendants' recreation room to the pool walked into an all-clear glass wall, which acted as a separation between them. He was unaware of the separation. The trial court charged the jury that as a matter of law the infant plaintiff and his parents were social guests on defendants' premises. In our opinion the charge was erroneous, since it was for the jury to determine, as a fact question, whether Mr. Silverstein invited the infant's father to his home for the purpose of discussing business and whether the invitation was subsequently extended to include the infant plaintiff and his mother because the infant's father had promised to take them to the beach or whether the visit was for

purely social purposes. If the visit was for the business convenience of the infant's father and of Mr. Silverstein, the infant plaintiff took on his father's status as a business invitee (cf. Restatement, Torts [2d], § 332, comment *g*, p. 180). Under the circumstances it was substantial and prejudicial error for the court to charge that the infant plaintiff and his parents were social guests on defendants' premises to whom defendants owed no duty of reasonable care. A new trial is required. Rabin, P. J., Hopkins, Munder, Latham and Shapiro, JJ., concur.